IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-42-H

KEOSHA HORNE and NETTIE TYSON, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SMITHFIELD PACKING COMPANY, INC.,

Defendant.

**ORDER**

This case comes before the court on the unopposed motion (D.E. 65) by plaintiffs Keosha Horne et al. ("plaintiffs") to have permanently sealed several documents filed in this case. The motion was not supported by a memorandum, in violation of Local Civil Rule 7.1(d), E.D.N.C. For the reasons set forth below, the court will deny the motion without prejudice.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended only to certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, the documents sought to be sealed have been filed in connection with a motion for class certification as a collective action pursuant to the Fair Labor Standards Act, and not in support of any motions that seek dispositive relief, and therefore the right of access at issue arises under the common law. *See*

*Covington v. Semones*, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir.1984)). In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *Knight Publishing Co.*, 743 F.2d at 235. Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.*

In their motion, plaintiffs have not provided sufficient argument to support sealing. Nor have they adequately demonstrated to the court that there are no alternatives to sealing each of the documents in their entirety, such as redaction of the purportedly confidential information.

2

Consequently, the court concludes that plaintiffs have failed to adequately support their motion to seal.

## CONCLUSION

For the foregoing reasons, the motion to seal (D.E. 65) is DENIED WITHOUT PREJUDICE. Any renewed motion shall be supported by a memorandum stating with specificity and citation to applicable legal authorities the basis upon which the movant contends the presumption of access has been overcome and upon which less drastic alternatives than the relief proposed are not adequate. Such renewed motion shall be filed no later than 30 September 2011. The Clerk is DIRECTED to maintain the proposed sealed documents (D.E. 64-1 to 64-20) under temporary seal until such time as the court has ruled on any renewed motions to seal with respect to those documents. If no renewed motion to seal is filed by 30 September 2011 with respect to any of the proposed sealed documents, the Clerk is DIRECTED to unseal such documents.

SO ORDERED, this 7 day of September, 2011.

James E. Gates
United States Magistrate Judge