IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-42-H

KEOSHA HORNE and NETTIE TYSON, on )
behalf of themselves and all other similarly )
situated individuals, )
)
       Plaintiffs, )
)
v. ) **ORDER**
)
SMITHFIELD PACKING COMPANY, )
INC., )
)
       Defendant. )

This case comes before the court on Plaintiffs' Motion for Appointment of Co-Lead Counsel (D.E. 185), brought by Gilda A. Hernandez ("Hernandez"); her law firm, The Law Offices of Gilda A. Hernandez, PLLC ("Hernandez firm"); Christine E. Webber ("Webber"); and her firm, Cohen Milstein Sellers and Toll, PLLC ("Cohen Milstein") (collectively "Hernandez/Cohen Milstein").[1] In effect, the motion seeks the appointment of Hernandez/Cohen Milstein both as sole Fed. R. Civ. P. 23 class counsel for plaintiffs, thereby supplanting H. Forest Horne, Jr. ("Horne")[2] of Martin & Jones, PLLC ("M&J") as co-class counsel, and as counsel for opt-in plaintiffs on the collective action claims in this case. The motion has been fully briefed[3]

---

[1] Although the motion and supporting memorandum were filed by Hernandez and the Hernandez firm, Hernandez/Cohen Milstein made the subsequent filings in support of the motion.

[2] In some filings, the designation "Jr." appears as part of Horne's name (*see, e.g.*, Compl. (D.E. 1) 10) and in others it does not (*see, e.g.*, Horne Dec. (194-1) 1, 7, 8).

[3] In support of the motion, Hernandez and the Hernandez firm filed a memorandum (D.E. 186) with exhibits (D.E. 186-1 through D.E. 186-3). Several attorneys with M&J filed a memorandum (D.E. 194) with exhibits (D.E. 194-1 through D.E. 194-5) in opposition. Defendant Smithfield Packing Company, Inc. ("defendant") also filed a memorandum (D.E. 195) with exhibits (D.E. 195-1 through D.E. 195-2) in opposition. Hernandez/Cohen Milstein filed a reply memorandum (D.E. 198) with exhibits (D.E. 198-1 through D.E. 198-16). Defendant filed a notice of supplemental authority (D.E. 206) to which Hernandez/Cohen Milstein filed two responses (D.E. 207, D.E. 208).

and referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Minute Entry following D.E. 194). For the reasons set forth below, the motion will be denied.

## BACKGROUND

### I. PLAINTIFFS' CLAIMS

The initial complaint in this case (D.E. 1; corrected at D.E. 3) was filed on 2 February 2009, and an amended complaint (D.E. 39) on 6 November 2009. The remaining named plaintiffs, Keosha Horne and Nettie Tyson,[4] and other members of the plaintiff class ("plaintiffs") are current and former production and support employees of defendant Smithfield Packing Company, Inc. ("defendant") at its Wilson, North Carolina bacon-processing facility ("Wilson facility"). (Am. Compl. ¶ 1). Plaintiffs performed various tasks relating to pork processing, including pressing, mixing, cutting, cleaning, and packaging or otherwise preparing the pork for distribution. (Id. ¶ 16). Plaintiffs allege that defendant failed to compensate them for all hours worked. (Id. ¶ 1). The particular activities plaintiffs were required to perform, but for which they allege they were not compensated, are: pre-shift donning and doffing of protective items and hygiene-related equipment; walking to their work stations on or near the bacon-processing lines and waiting for their shift to begin; walking outside of the production area after their unpaid meal period started; doffing protective clothing and gear during unpaid meal periods, and donning protective clothing and gear and returning to their workstations before the end of the meal period; post-shift walking outside of the production area and doffing and disposing of protective clothing and gear; and generally performing pre- and post-shift activities required by defendant for which they were not paid. (Id. ¶¶ 30-31).

---

[4] A third plaintiff named in the original complaint has withdrawn as a class representative, but remains in the plaintiff class. (See 9 July 2009 Order (DE. 22)).

2

Case 5:09-cv-00042-H   Document 211   Filed 07/23/13   Page 2 of 10

Plaintiffs assert two sets of claims: a Rule 23 class action for violations of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq.*, and a collective action for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* They seek unpaid back wages, unpaid benefits, liquidated damages, attorneys' fees, and other relief. (Am. Compl., Prayer for Relief ¶¶ 5-7). Defendant generally denies plaintiffs' substantive allegations. (*See* Def.'s Ans. (D.E. 42)).

The parties have engaged in substantial discovery (*see* Jt. Mot. to Amend Sched. Order (D.E. 147 ¶ 2)), but it has not been completed (*see* 25 March 2013 Order (D.E. 205)). There is presently no date set for trial. (*See id.*).

## II.   REPRESENATION OF PLAINTIFFS

Attorneys Horne, Hoyt G. Tessener ("Tessener"), G. Christopher Olson ("Olson"), and Hernandez, all then with M&J, brought this action on behalf of plaintiffs. (Compl. 10). Horne, Tessener, and Olson were all partners of the firm and had many years of practice as North Carolina attorneys. (Horne Dec. (D.E. 194-1) ¶¶ 3-17). They remain partners with M&J. (*See id.*). M&J has about 15 attorneys and its principal office is in Raleigh, North Carolina. (*See* Pls.' Mot. for Designation as Class Counsel (D.E. 106) 4).

Hernandez was a first-year associate when this case commenced. (Horne Dec. ¶ 20). She had joined the firm in 2008 after serving for over ten years as a wage and hour investigator with the United States Department of Labor in California. (Hernandez Dec. (D.E. 198-1) ¶ 2). She had not previously practiced law. (Horne Dec. ¶ 20). Hernandez took a leading role in building a wage and hour practice at M&J, which it did not have before she joined the firm. (Hernandez Dec. ¶ 4).

3

On 23 September 2011, the court certified plaintiffs' NCWHA claims as a class action under Fed. R. Civ. P. 23, appointed Hernandez and Horne as Rule 23 class counsel, and conditionally certified the FLSA claims as a collective action under 29 U.S.C. § 216(b). (23 Sept. 2011 Order (D.E. 111) 10 ¶¶ 2, 3, 5). By order entered 16 March 2012, the court approved the parties' proposed class notice (D.E. 123-1), which identified Hernandez and Horne of M&J as class counsel and provided a toll-free telephone number and a telefax number for the firm. (16 Mar. 2012 Order (D.E. 120) 6 § IV). The notice was subsequently mailed to potential class members. (*See* Notice of Mailing (D.E. 123)).

In January of 2013, Hernandez left M&J on less than amicable terms and founded the Hernandez firm, located in Apex, North Carolina. (Hernandez Dec. (D.E. 198-1) ¶¶ 23, 25; Horne Dec. ¶ 23). Hernandez appears to be the only attorney at her firm. (*See* Hernandez Resume (D.E. 186-1)). Cohen Milstein, which has offices in Washington, D.C. and elsewhere, has over 70 attorneys and extensive experience in class action litigation and the wage and hour area. (*See* Cohen Milstein Resume (D.E. 186-3), *e.g.*, 5, 10, 16, 24-25). Webber herself, who is admitted in Washington, D.C. and Illinois, has extensive experience in these areas and has been in practice for many years. (*See id.* 16-17). She works at the Washington, D.C. office of Cohen Milstein. (*See id.* 17).

### III. RELIEF SOUGHT

Hernandez's departure from M&J and the related circumstances prompted the instant motion. As stated in it and the supporting memorandum, Hernandez/Cohen Milstein initially sought to be appointed as co-counsel for the Rule 23 class with the attorneys from M&J, as well as counsel for the opt-in plaintiffs. (Mot. 1; Support. Mem. 3). M&J's response indicates that such an arrangement would not likely be workable. (M&J's Opp. (D.E. 194) 6 n.4). The reply

4

memorandum and supporting materials filed by Hernandez/Cohen Milstein retreat from any suggestion that the three law firms work together jointly. (*See* Reply Mem. (D.E. 198) 1).

In support of the motion, Hernandez/Cohen Milstein filed unsworn statements from the two named plaintiffs (Keosha Horne statement (D.E. 186-2 at 2); Nettie Tyson statement (D.E. 186-2 at 3)). They state that they have chosen Hernandez to represent them going forward.

## DISCUSSION

Rule 23 requires a court to appoint class counsel to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1), (4). In doing so, the court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *Beaulieu v. EQ Indus. Servs., Inc.*, No. 5:06CV400-BR, 2009 WL 2209131, at *15 (E.D.N.C. 22 July 2009) (applying Fed. R. Civ. P. 23(g)(1)(A)). In addition, the court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." *Id.* (g)(2).

The court agrees with the parties that any dual representation involving Hernandez and M&J is not feasible. Communications between Hernandez and M&J attorneys appear to have completely broken down, and the court cannot envision any scenario in which they could continue to work together.[5] Accordingly, the issue before the court is whether to have Horne and

---

[5] The court notes that in support of its contention that it could better represent the plaintiff class Hernandez/Cohen Milstein found it appropriate to submit materials containing the substance of purported communications between M&J lawyers and class member clients in this and other wage and hour cases (Hernandez Dec. ¶¶ 34, 35, 37, 38, 45, 46) and similar client communications by Hernandez (*id.* ¶¶ 34, 35, 36, 37, 38, 44, 46). There are also disclosures

5

his colleagues at M&J alone represent the plaintiff class going forward or, instead, to have Hernandez/Cohen Milstein take over the representation. For the following reasons, the court finds that Horne and his colleagues at M&J should proceed as sole class counsel for the plaintiff class.

The claims at issue in this case were, of course, identified and investigated by Horne, Hernandez, and other attorneys at M&J. Hernandez argues that her role with respect to this aspect of this case, and all others for that matter, was dominant. But given her lack of experience as a practicing lawyer, as a litigator in particular, and in this jurisdiction, it is inconceivable that she did not receive significant assistance from other attorneys at M&J in all phases of the litigation. Horne states that he did, in fact, supervise Hernandez throughout this case and that other attorneys also participated in the litigation. (Horne Dec. ¶¶ 9, 19, 21). Irrespective of the relative contributions of Horne and Hernandez, it is indisputable that they drew on the resources of M&J to identify and investigate the claims at issue as well as thereafter to prosecute them. (*See id.* ¶¶ 19, 21). It is equally clear that Cohen Milstein and its attorneys played no role in the identification and investigation of the claims. Indeed, they are essentially strangers to this case, seeking to become involved in it over four years after it was commenced and brought forward to this point by others.

M&J's attorneys possess the experience and expertise to handle the complexities of a class action such as this one. Their experience and expertise in this area vastly outstrip that of Hernandez. There has been no showing that the experience and expertise of Cohen Milstein and its attorneys in this area materially surpasses that of M&J for purposes of this litigation.

---

regarding settlement negotiations. (*Id.* ¶¶ 37, 41, 46). The court assumes that Hernandez/Cohen Milstein obtained any requisite consent for the disclosure of the seemingly confidential information included in these materials.

6

Moreover, the experience and expertise of the M&J attorneys in class-action litigation includes extensive practice in this court and before North Carolina juries. In this particular respect, they represent an advantage to the plaintiff class over Hernandez/Cohen Milstein.

While the experience of M&J's attorneys with wage and hour act cases is not as great as their experience in class actions generally, they have gained sufficient experience and expertise in that area through this case and others to enable them to prosecute the claims of the plaintiff class effectively without Hernandez at the firm. M&J's effective participation in all proceedings in this case thus far, including proceedings following Hernandez's departure, substantiates the sufficiency of its capability in the wage and hour area. In another wage and hour case before this court, the court denied a motion by Hernandez comparable to the instant motion, effectively determining that M&J could continue to adequately represent the plaintiff class. *See* 12 Apr. 2013 Order (D.E. 178) 1, *Romero v. Mountaire Farms, Inc.*, No. 7:09-CV-190-BO (E.D.N.C.). Although Hernandez has extensive experience in the wage and hour area generally, she does not have greater experience in the litigation of such claims herself since she did not start litigating them until she joined M&J.

Admittedly, Cohen Milstein has more experience than M&J in the wage and hour area generally, including litigation of such claims. But a showing has not been made that Cohen Milstein's experience is materially superior to that of M&J for purposes of this litigation, given the adequacy of M&J in that area.

Hernandez/Cohen Milstein suggests that Hernandez has greater commitment to the cause of the plaintiff class than the M&J attorneys. M&J has, of course, already committed substantial resources to representing plaintiffs over the more than four years during which its attorneys have served as plaintiffs' counsel, including about $100,000 in litigation costs advanced to plaintiffs.

7

(Horne Dec. ¶ 19). More broadly, M&J has an extended history of zealously and successfully representing class-action plaintiffs in a myriad of settings. (Horne Dec. ¶¶ 4, 6, 16). No good cause has been shown for the court to doubt the commitment of M&J and its attorneys to the plaintiffs in this case going forward.

Additionally, while Hernandez speaks Spanish, M&J apparently has a legal assistant who does as well. (Hernandez Dec. ¶ 34). In any event, translation services are readily available in the marketplace.

Further, continuation of M&J's role would be less disruptive than replacing it with Hernandez/Cohen Milstein. Administratively, M&J is in possession of all the files,[6] including plaintiffs' contact information. More significantly, the M&J attorneys are well versed in this case and would not have to familiarize themselves with it at this relatively advanced stage of the litigation, as would Webber and any other attorneys from Cohen Milstein because they are all new to the case.

Moreover, continuation of M&J as class counsel would not require the provision of any additional notice to the approximately 1,500 class members about their counsel and how to contact them, whereas appointment of Hernandez/Cohen Milstein would. While the class notice did list Hernandez, along with Horne, as class counsel, it identified both as attorneys with M&J and provided contact information for the firm. (Notice (D.E. 123-1) 4). Thus, the notice would still be effective in directing class members to class counsel. M&J would, of course, need to advise class members contacting it that Hernandez was no longer there, but that attorneys from the firm continued to represent the class.

---

[6] Hernandez indicates that she has requested a copy of the case file, but it has not been provided to her. (Hernandez/Cohen Milstein Reply 5).

8

Hernandez/Cohen Milstein points to the fact that while working at M&J Hernandez logged substantially more hours on this case than any other M&J attorney. But it is not uncommon for the junior attorney on a case to accrue the most hours. In any event, the hours spent by Hernandez do not negate the experience gained by other attorneys at M&J in the wage and hour area and in this litigation in particular.

Notwithstanding these considerations, the court does appreciate the experience and expertise of Hernandez in the wage and hour area and her significant role in this litigation. It would arguably be ideal for Hernandez to continue her involvement with this litigation alongside M&J. But for the reasons discussed, it is evident that this is not a viable option.

The court recognizes that, according to their unsworn statements, the named plaintiffs would prefer Hernandez to represent them going forward. Their preference, however, is not dispositive of the selection of class counsel. *See, e.g., Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995) ("The fact that the named plaintiffs in a certified class action have been found to be adequate representatives of the class does not, however, mean that they have the right to replace class counsel at will. . . . The ultimate responsibility to ensure that the interests of class members are not subordinated to the interests of either the class representatives or class counsel rests with the district court."); *Walsh v. Great Atl. and Pac. Tea Co.*, 726 F.2d 956, 964 (3d Cir. 1984) ("Class counsel's duty to the class as a whole frequently diverges from the opinion of either the named plaintiff or other objectors."); *In re Bank of Am. Sec. Litig.*, 210 F.R.D. 694, 703 (E.D. Miss. 2002) ("A determination of what is best for the class is not dependent on the special desires of the named plaintiffs."). The court finds that the named

plaintiffs' preference does not outweigh the other factors noted favoring continuation of M&J attorneys as class counsel.[7]

In sum, after careful consideration of all relevant portions of the record, the court concludes that Horne and his colleagues at M&J are better able to represent the interests of the plaintiff class than Hernandez/Cohen Milstein going forward. The instant motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Appointment of Co-Lead Counsel (D.E. 185) is DENIED. Horne, with the assistance of other attorneys at M&J, shall remain as class counsel in this case. In the event Hernandez is deemed still to be serving as co-class counsel under the court's 23 September 2011 notwithstanding her departure from M&J, her role as such is hereby TERMINATED.

SO ORDERED, this 22nd day of July 2013.

James E. Gates
United States Magistrate Judge

---

[7] In the event the named plaintiffs persist in their desire to have Hernandez represent them, an issue would appear to be presented regarding the propriety of their continuing as class representatives. Class counsel should pursue this potential issue as appropriate, including seeking by motion any relief from the court deemed necessary.

10